## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| |
|---|
| SHAWN GOINS,<br>　　　　Plaintiff,<br><br>　　　v.<br>PAPOOSHA, et al.,<br>　　　　Defendants. |

No. 3:21-cv-00405 (VAB)

### INITIAL REVIEW ORDER

Shawn Goins ("Plaintiff"), currently incarcerated at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, has filed a Complaint *pro se*, under 42 U.S.C. § 1983. *See* Compl., ECF No. 1 (Mar. 24, 2021). Mr. Goins names six defendants: Security Risk Group Commissioner Papoosha, Intelligence Commissioner John Aldi, Intelligence Officer Espada, Intelligence Lieutenant Mucciacarlo, Director of Security A. Santiago, and Warden R. Martin. *See id.* Mr. Goins asserts claims for denial of due process in connection with his placement in administrative segregation and seeks only damages.

For the reasons stated below, the Complaint is **DISMISSED** without prejudice to filing an amended complaint by **June 4, 2021**.

### I.　　BACKGROUND

In September 2017, Mr. Goins allegedly was arrested and brought to Hartford Correctional Center. Compl. ¶ 1. On the fourth day, Mr. Goins allegedly was "rushed" by the Intelligence Security Division for Security Risk Group ("SRG") involvement because he was included in a Facebook post. *Id.*

Mr. Goins allegedly did not receive a disciplinary ticket at any time during the classification process and contends that he was not afforded "a fighting chance to be proven not

guilty." *Id.* ¶ 2. Once in the SRG Program, other inmates allegedly asked if he was a gang member. *Id.* When Mr. Goins allegedly denied being in a gang, he allegedly was assaulted. *Id.* Mr. Goins' left orbital bone allegedly was fractured and he allegedly has a plate and screws in his face. *Id.*

Mr. Goins allegedly appealed his placement but nothing was done. *Id.* ¶ 3. Mr. Goins' mother allegedly passed away while he was in the program. *Id.* He allegedly was housed in restrictive housing as an unsentenced non-violent inmate. *Id.* He allegedly was unable to see his children. *Id.* ¶ 4. Inmates and correctional staff allegedly "talked down" to him and he had to take mental health medication to treat anxiety and post-traumatic stress disorder. *Id.* ¶¶ 5, 10.

Every time Mr. Goins is arrested, he allegedly is returned to the program. *Id.* ¶ 6. While there, he allegedly is not eligible for parole or halfway house placement and cannot earn RREC (Risk Reduction Earned Credit). *Id.* ¶ 7.

## II.    STANDARD OF REVIEW

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). This requirement applies both when the plaintiff pays the filing fee and when he proceeds *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and

to demonstrate a right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008). However, notwithstanding this liberal interpretation, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015) (noting that even a *pro se* complaint must meet *Twombly*'s standard).

## III.   DISCUSSION

The statute of limitations for filing a claim under Section 1983 in Connecticut is three years. *Thompson v. Rovella*, 734 F. App'x 787, 788-89 (2d Cir. 2018); *see also Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (analyzing available state limitations periods and determining that appropriate limitations period for section 1983 actions filed in Connecticut is three years).

Mr. Goins's Complaint, filed on March 24, 2021, refers to acts occurring in September 2017. *See* Compl. ¶ 1. In that month, Mr. Goins alleges having been designated an SRG member and having been assaulted soon after. *See id.* ¶¶ 1-9. As a result, based on his own pleading, Mr. Goins alleges actions having occurred more than three years ago before he filed his Complaint on March 24, 2021. *See id.* Any Section 1983 claims therefore based on his initial designation as a Security Risk Group member and any injuries resulting from that initial designation, to the extent they occurred before March 24, 2018, are time-barred.

Accordingly, any of these Section 1983 claims will be dismissed.

If Mr. Goins can allege specific facts regarding his Security Risk Group designation and resulting injuries after March 24, 2018, he may amend his Complaint by the time provided below.

If he decides to do so, he must remedy another deficiency in his current Complaint.

To state a cognizable section 1983 claim, Mr. Goins must allege facts showing the personal involvement of each defendant in the alleged constitutional violation. *Costello v. City of Burlington*, 632 F.3d 41, 49 (2d Cir. 2011) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). While the named defendants appear to have been involved in Mr. Goins' initial placement in 2017, *see* Compl. ¶¶ 1-9, and Mr. Goins alleges that he is returned to the SRG Program every time his is arrested, *id.* ¶ 6, he alleges no facts regarding those incidents and does not indicate that any named defendant was involved in his return to the SRG Program.

Accordingly, even if Mr. Goins' lawsuit was timely, he still fails to state a cognizable claim against any defendant.

## IV.    CONCLUSION

The Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Mr. Goins may file an Amended Complaint provided he can allege facts identifying actions of any defendant after March 24, 2018, that resulted in his return to the SRG Program without appropriate process. Any Amended Complaint must be filed by **June 4, 2021**.

**SO ORDERED** this 23rd day of April, 2021 at Bridgeport, Connecticut.

/s/Victor A. Bolden_____
   Victor A. Bolden
   United States District Judge

4